UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | | |
|---|---|---|
| CHRISTOPHER J. HAFNER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 0:20-cv-119-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| BOYD COUNTY | ) | **MEMORANDUM OPINION** |
| DETENTION CENTER, *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

Christopher J. Hafner is an inmate at the Boyd County Detention Center in Catlettsburg, Kentucky. Proceeding without a lawyer, Hafner filed a civil rights complaint with this Court pursuant to 42 U.S.C. § 1983. [R. 1.] In Hafner's complaint, he suggests that he is receiving legally inadequate medical care, and he lists two defendants: the Boyd County Detention Center itself and its jailer, Bill Hensley. [*See id.*] This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss Hafner's claims against the two named defendants.

The Court will first dismiss Hafner's claim against the Boyd County Detention Center. That is because the Detention Center is simply a building and not a person or legal entity which may be sued under § 1983. *See Marbry v. Corr. Med. Servs.*, 238 F.3d 422, 2000 WL 1720959, at *2 (6th Cir. 2000) (holding that the Shelby County jail was not subject to suit under § 1983). Plus, even if the Court liberally construes Hafner's complaint as alleging a claim against Boyd County, he is not complaining in any clear way about a county policy or custom, as required to state a claim against the county. *See Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)).

The Court will also dismiss Hafner's claim against Bill Hensley, the jailer at the Boyd County Detention Center. That is because Hafner does not clearly assert any specific allegations against this defendant. Instead, Hafner suggests that Hensley is liable merely because he is a supervisor at the facility. The United States Court of Appeals for the Sixth Circuit, however, has made it clear that, in a civil rights case, "liability must be based on more than respondeat superior, or the right to control employees." *Johnson v. Aramark*, 482 F. App'x 992, 993 (6th Cir. 2012) (citations omitted). Thus, Hafner has failed to state a claim against Hensley.

In light of the foregoing, the Court will dismiss Hafner's claims against the two named defendants and strike this action from the docket. That said, nothing in this Order prevents Hafner from filing a new civil rights action in which he lists one or more Boyd County Detention Center medical providers—either named or unnamed—as defendants and puts forth factual allegations and legal claims against those individuals.

Accordingly, it is **ORDERED** that:

1. Hafner's claims against the Boyd County Detention Center and Jailer Bill Hensley [R. 1] are **DISMISSED** with prejudice.

2. All pending motions are **DENIED** as moot.

3. This action is **STRICKEN** from the Court's docket.

4. The Court will enter a corresponding Judgment.

5. Finally, nothing in this Order prevents Hafner from filing a new civil rights action in which he lists one or more Boyd County Detention Center medical providers—either named or unnamed—as defendants and puts forth factual allegations and legal claims against those individuals.

This is the 20th day of October, 2020.

Gregory F. Van Tatenhove
United States District Judge